# Authority of State Officials to Share Motor Vehicle Record Information with the Department of Defense or Its Contractors

The Drivers' Privacy Protection Act permits state Department of Motor Vehicles offices to release covered information in motor vehicle records to both the Department of Defense and private entities acting on DoD's behalf, provided that the records are used for a statutorily approved purpose of DoD, such as military recruitment.

May 24, 2001

MEMORANDUM OPINION FOR THE ACTING GENERAL COUNSEL
DEPARTMENT OF DEFENSE

This memorandum responds to your request for our opinion whether the Drivers' Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725 (1994 & Supp. V 1999), precludes state officials from providing certain information related to motor vehicle records to the Department of Defense ("DoD") or its contractors in conjunction with military recruiting efforts.

According to your memorandum, the Joint Recruiting Advertising Program ("JRAP") in the DoD conducts military recruiting. *See* Letter for Randolph D. Moss, Assistant Attorney General, Office of Legal Counsel, from Douglas A. Dworkin, General Counsel, Department of Defense at 1 (Nov. 6, 2000). To facilitate this effort, JRAP provides lists of names and contact information of prospective recruits to the military services which in turn use these lists as the basis for direct mail advertising in support of military recruitment. *Id*. Pursuant to contract, a private organization, Bates Advertising USA, Inc., provides the lists to JRAP. *Id*. Bates Advertising prepares these lists based on information contained in lists it purchases from another private organization, American Students Lists ("ASL"), which acquires its information from a variety of sources, including information from state Department of Motor Vehicles ("DMV") offices. *Id*. Recently, some state DMV offices have refused to make this information available to ASL because of concern that the DPPA "prohibits them from selling or giving personal information to ASL and JRAP."[1] *Id*.

The DPPA provides generally as follows:

> Except as provided in subsection (b), a State department of motor vehicles, and any officer, employee, or contractor, thereof, shall not knowingly disclose or otherwise make available to any person or

_____

[1] JRAP sometimes purchases information from those state DMV offices that have not provided the information to ASL. *Id*.

> entity personal information about any individual obtained by the department in connection with a motor vehicle record.

18 U.S.C. § 2721(a).[2] One of the exceptions contained in subsection (b) provides that the covered personal information may be disclosed "[f]or use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions." *Id*. § 2721(b)(1).

Because military recruitment is a function of the DoD, a government agency, the plain language of this statutory exception—sanctioning the release of covered information to government agencies carrying out agency functions—permits state officials to release such information to the DoD for military recruiting purposes. The statutory exception by its terms also permits the release of protected information to private entities acting on the behalf of government agencies in carrying out government agency functions. Thus, the DPPA permits State DMV offices to release protected information to both the DoD and private entities acting on the DoD's behalf, as long as the requesters will use the covered information for a permissible purpose such as military recruitment.[3] The DPPA further provides that "[a]n authorized recipient of personal information . . . may resell or redisclose the information only for a use permitted" under the statute. *See* 18 U.S.C. § 2721(c). Thus, once the DoD and the private entities receive such information, both entities must be careful to use the information only for a statutorily approved purpose. *See id*. § 2721(b)(1)-(14) (setting forth permissible uses of information).

SHELDON BRADSHAW
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[2] Persons who knowingly violate any provision of the DPPA are subject to criminal fines, *see* 18 U.S.C. § 2723(a), and a state DMV that has "a policy or practice of substantial noncompliance" is subject to a civil penalty by the Attorney General, *see id*. § 2723(b).

[3] Whether a particular private entity is in fact acting on the DoD's behalf under the terms of this statute would require an analysis of the application of criminal and agency law to the set of facts in question, an inquiry which is beyond the scope of this opinion.